UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH PAK PRODUCE, LLC, *et al.*, | Case No. 2:21-mc-00292-TLN-JDP |
| Movants, | ORDER DENYING MOVANTS' MOTION TO QUASH |
| v. | ECF No. 1 |
| U.S. DEPARTMENT OF LABOR, | |
| Respondent. | |

This miscellaneous action arises from two administrative subpoenas that respondent, the U.S. Department of Labor, issued to Cathay Bank and Five Star Bank, seeking banking records of corporate movants and an LLC movant. Movants seek to quash both subpoenas, arguing, variously, that respondent violated the notice requirement of the Right to Financial Privacy Act, that the subpoenas are judicially unenforceable, and that the subpoenas infringe movant Sean Loloee's privacy interests. ECF No. 1. Respondent argues that movants lack standing to challenge the subpoenas, and in the alternative that movants' arguments fail on the merits. ECF No. 7. I agree that movants lack standing and deny the motion to quash.

**Background**

Sean Loloee is the sole member of Fresh Pak Produce, LLC ("Fresh Pak") and the only shareholder of SL One Global, Inc. ("SL One"), SMF Global, Inc. ("SMF"), Nari Trading, Inc. ("Nari"), and Uni Foods, Inc. ("Uni") (collectively, "corporate movants"). ECF No. 1-1 at 3. SL

1

One is allegedly a corporation that, as relevant to this dispute, operates as a supermarket chain known as Viva Supermarket. *Id.* at 3.  Two prior investigations into SL One by the Wage and Hour Division of the U.S. Department of Labor ("WHD") uncovered violations of the Fair Labor Standards Act ("FLSA").  ECF No. 7-1 at 2-3.  The WHD concluded the investigations when SL One agreed to pay back wages of more than $38,000 and, going forward, to comply with the FLSA. *Id.*

The WHD began the investigation giving rise to the instant dispute in November 2020, after learning that SL One had not been paying adequate overtime and had failed to comply with the Families First Coronavirus Response Act ("FFCRA"). *Id.* at 3.  The investigation allegedly uncovered evidence of "several schemes" both to avoid paying overtime and to coerce employees awarded back wages into paying those wages back to SL One.  *Id.*  This led the WHD to expand its investigation to include all four of Loloee's supermarket locations, which operate under the names Viva Supermarket, SMF, Nari, and Uni. *Id*.  The WHD thereafter obtained evidence that SL One had made "hidden payments" at non-overtime rates using second checks issued by Fresh Pak, a limited liability company that has been dissolved. *Id.* at 3-4.

Pursuant to this investigation, the WHD issued administrative subpoenas to Cathay Bank and Five Star Bank, seeking the corporate movants' and Fresh Pak's bank records. *Id.* at 5-6.  These two subpoenas sought documents that respondent alleges would enable the WHD investigators to calculate back wages owed to employees, including photocopies of canceled checks, bank statements showing business transactions, signature and identification cards, and loan and credit applications. *Id.* at 4-5.

**Discussion**

Movants argue that respondent failed to provide the notice required by section 3405 of the Right to Financial Privacy Act ("RFPA").[1]  ECF No. 1-1 at 6-11.  Respondent contends that, as third parties to the subpoenas, movants lack standing to challenge the administrative subpoenas.

---

[1] Movants also request a protective order to prevent disclosure to third parties and argue that the subpoenas are judicially unenforceable.  ECF No. 1-1 at 8-11.  Because I conclude that movants lack standing to bring the motion to quash, I do not address these issues.

ECF No. 7 at 12. Movants argue that as a customer of Cathay Bank and Five Star Bank, Fresh Pak is entitled to challenge the subpoenas under the RFPA, and they add that the subpoenas infringe on Loloee's privacy interests. *See* ECF No. 1-1 at 6-11.[2]

The RFPA protects customers' banking records by restricting governmental authorities from accessing, and financial institutions from disclosing, financial information unless a statutory exception applies. *Puerta v. United States*, 121 F.3d 1338, 1341 (9th Cir. 1997). Of relevance here, a financial institution can disclose a customer's information in response to an administrative subpoena. 12 U.S.C. § 3402(2). The customer is entitled to notice of such an administrative subpoena, *id.* § 3405(2), and is afforded an opportunity to contest the subpoena in court, § 3410. The RFPA defines customer as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution." *Id.* § 3401(5). A person is defined as "an individual or a partnership of five or fewer individuals." *Id.* § 3401(4).

Four of the movants—SL One, SMF, Nari, and Uni—are corporations. Although the Ninth Circuit has not addressed whether a corporation can be a "customer," courts "unanimously agree that corporations do not qualify as a 'customer' within the meaning of the [RFPA]." *Hohman v. Eadie*, 894 F.3d 776, 785 (6th Cir. 2018) (collecting cases); *see also Spa Flying Service, Inc. v. United States*, 724 F.2d 95, 96 (8th Cir. 1984); *Rosiere v. U.S. Sec. & Exch. Comm'n*, No. 2:09-cv-1975-JCM-PAL, 2010 WL 489526, *3 (D. Nev. Feb. 5, 2010). Accordingly, these four movants lack standing to challenge the subpoenas.

As for Fresh Pak, movants argue that it "qualifies as a 'customer' under the RFPA" because it is a limited liability company with only one member. ECF No. 1-1 at 7. The RFPA, however, does not include limited liability companies, whether large or small, in its definition of "customer." Instead, it limits the term to "individuals and partnerships with five or fewer individuals." 12 U.S.C §§ 3401(4), (5); *see Exch. Point LLC v. U.S. Sec. & Exch. Comm'n*, 100 F. Supp. 2d 172, 175 (S.D.N.Y. 1999); *Hohman*, 894 F.3d at 786 (holding that "an LLC is plainly

---

[2] Additionally, movants argue that the subpoenas were issued in response to Loloee's campaign for Sacramento City Council and that the investigation is an attempt to harm his political career. *See* ECF No. 1-1 at 3. These allegations, however, cannot make up for movants' lack of standing.

not within the plain meaning of the words individual or a partnership of less than five individuals") (internal citations omitted); *Crypto Traders Mgmt., LLC v. U.S. Sec. & Exch. Comm'n*, No. 1:21-MC-00375-BLW, 2021 WL 1758692, at *1 (D. Idaho May 4, 2021). Therefore, like the corporate movants, Fresh Pak lacks standing.

Although the sole remaining movant, Loloee, is a person within the meaning of the RFPA, the subpoenas do not seek his individual financial information. ECF No. 7 at 17-31. Under the RFPA, "[i]f the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain . . . it shall deny the motion or application." 12 U.S.C. § 3410(c). Because the subpoenas seek only the business entities' financial records—not Loloee's personal banking records—he too lacks standing to challenge the subpoenas under the RFPA.

Finally, Loloee appears to assert standing on the basis that the subpoenas will incidentally infringe his privacy interests, explaining that "[p]rivate information on credit and loan applications concerning Mr. Loloee and/or his wife also will be disclosed." ECF No. 11 at 8. In *United States v. Miller*, the Supreme Court held that a person does not possess a reasonable expectation of privacy in financial records given voluntarily to a third party, such as a bank. 425 U.S. 435, 440-43 (1976). "Congress passed the [RFPA] in part as a response to [*Miller*]," *United States v. Frazin*, 780 F.2d 1461, 1465 (9th Cir. 1986), and by its own language, § 3410 of the RFPA provides the "sole judicial remedy available to a customer to oppose disclosure of financial records." 12 U.S.C. § 3410(e). Since the RFPA does not give Loloee a remedy, his asserted privacy interests do not give him standing to challenge the subpoenas.

Accordingly, it is hereby ORDERED that movants' motion to quash, ECF No. 1, is denied.

IT IS SO ORDERED.

Dated:   August 24, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE